**In re Beverly S. COLEMAN, Debtor.**

**Clarence COLEMAN and Beverly Odom Coleman, Plaintiffs,**

v.

**FIRST FAMILY FINANCIAL SERVICES, INC. and Associates Financial Life Insurance Co., Defendants.**

**In re Rosemary MEYERS, Debtor.**

**Randell MEYERS and Rosemary Meyers, Plaintiffs,**

v.

**NORWEST FINANCIAL ALABAMA, INC. and Centurion Life Insurance Company, Defendants.**

**Bankruptcy Nos. 95–13109, 95–11264. Adv. Nos. 96–1007, 96–1012.**

United States Bankruptcy Court, S.D. Alabama.

Feb. 15, 1996.

---

David F. Daniell and Robert E. Clute, Jr., Mobile, AL, for Plaintiffs in No. 95–13109, Adv. No. 96–1007.

Sandy G. Robinson, Mobile, AL, for Defendants in No. 95–13109, Adv. No. 96–1007.

Denise I. Littleton, Mobile, AL, for Debtor in No. 95–13109, Adv. No. 96–1007.

Robert E. Clute, Jr., Mobile, AL, for Plaintiffs in No. 95–11264, Adv. No. 96–1012.

Henry A. Callaway, III, Mobile, AL, for Defendants in No. 95–11264, Adv. No. 96–1012.

## ORDER GRANTING MOTION TO REMAND AND MOTION FOR ABSTENTION

MARGARET A. MAHONEY, Chief Judge.

This matter came before the Court upon the Debtors' joint motion to remand and motion for abstention. This Court has jurisdiction to hear the motions to remand and for abstention pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The motions to remand are a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). The motions for abstention are also a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). Based on the pleadings and oral argument presented by counsel, both the motions for remand and the motions for abstention are due to be granted.

### FACTS

#### The Colemans

Ms. Beverly Coleman filed for Chapter 7 bankruptcy protection on November 15, 1995. Her case was converted to Chapter 13 on December 22, 1995. First Family Financial Services, Inc. ("First Family") holds a secured claim against Ms. Coleman by virtue of a mortgage in the amount of $17,407.06. On January 8, 1996, Ms. Coleman filed a Chapter 13 plan of reorganization which proposes to pay First Family a $280 monthly "direct" payment, while paying the unsecured creditors 10% of their allowed claims. The meeting of creditors pursuant to 11 U.S.C. § 341 is scheduled for February 15, 1996. No objections have been filed to this proposed plan. On January 29, 1996, First Family filed a proof of secured claim in the amount of $15,360.99. Ms. Coleman has filed no objection to the claim.

On or around November 22, 1995, Ms. Coleman, together with her husband, Mr. Clarence Coleman, filed a suit in the Circuit Court of Mobile County, Alabama, CV–95–4257 (the "Mobile County Action I"), against First Family and Associates. The Mobile County Action purports to be a statewide class action alleging that the premiums paid by the Colemans and others for single decreasing term life insurance coverage and credit disability were excessive. The Mobile County Action is based on theories of negligence, suppression, misrepresentation and fraud. The specific damages sought in this lawsuit by the Debtor are unspecified, but the Colemans are seeking both compensatory and punitive damages. The total cost of the credit life insurance premium was $695.59. Ms. Coleman's bankruptcy schedules list as an exempt asset her claim against First Family valued at $1,705.00. On January 4, 1996, First Family and Associates removed the Mobile County Action to this Court.

#### The Meyers

Ms. Rosemary Meyers filed for Chapter 13 bankruptcy protection on May 30, 1995. Her amended plan of reorganization was confirmed on December 28, 1995. Norwest Financial of Alabama ("Norwest") timely filed a proof of secured claim in the amount of $2,255.61. Ms. Meyers did not dispute the debt. Through her confirmed plan, Ms. Meyers is obligated to pay Norwest a $133.00 monthly preference payment until her entire debt is extinguished. Ms. Meyers is current on her plan payments.

On or about November 27, 1995, Ms. Meyers, together with her husband, Randell D. Meyers, filed an action against Norwest and Centurion Life Insurance Company ("Centurion") in the Circuit Court of Mobile County, Alabama, Case No. CV–4275 ("Mobile County Action II"), alleging negligence, suppression, misrepresentation and conspiracy to defraud the Meyers and seeking both compensatory and punitive damages. This complaint arises out of the same loan which is the subject of Norwest's claim and Ms. Meyers' debt. Essentially, the Meyers contend that Norwest overcharged them for credit insurance because the amount of credit on which the insurance was based included the total of all payments, not just the net balance owed at any given time.

The state court complaint seeks to have the Meyers named as class representatives in

the Mobile County Action I. On June 11, 1996, before a state court hearing on this class certification, Norwest and Centurion removed the action to this court through Ms. Meyers' bankruptcy proceeding. This state court action is not listed on Ms. Meyers' bankruptcy schedules.

Because of the nature of their complaints, both the Colemans and the Meyers want this Court to abstain from hearing these matters or remand them to state court.

### LAW

### *Remand*

■ Remand to the court from which a claim for relief or cause of action has been removed is authorized by 28 U.S.C. § 1452 "on any equitable ground." Remand is the sole remedy for improper removal. *In re Princess Louise Corp.*, 77 B.R. 766 (Bankr. C.D.Cal.1987). Factors to be considered when weighing the remand issue include:

1. Whether judicial resources will be duplicated;
2. What is the most economical use of judicial resources;
3. What will be the effect of remand on the administration of the bankruptcy estate;
4. Whether questions of state law, which are better addressed by a state court, are involved;
5. Whether considerations of comity exist;
6. The degree of prejudice, if any, to the involuntarily removed parties;
7. Whether the possibility of an inconsistent result is lessened by remand; and
8. The expertise of the court where action originated.

*Allen County Bank & Trust Co. v. Valvmatic Int'l Corp.*, 51 B.R. 578 (N.D.Ind.1985); *see also, In re Butcher*, 46 B.R. 109 (Bankr. N.D.Ga.1985); *In re Hillsborough Holdings Corp.*, 123 B.R. 1004 (Bankr.M.D.Fla.1990).

■ For all of the listed reasons, both of the cases at bar should be remanded to state court. The estates and all of the interested creditors save First Family Financial Services, Associates Financial Life Insurance Co., Norwest Financial Alabama, Inc. and Centurion Life Insurance Company, have everything to gain and nothing to lose by remanding these cases and allowing the Mobile County Actions to go forward. In the Meyers bankruptcy case, there is a confirmed plan of reorganization with timely payments being made. If Ms. Meyers were successful in state court, any money she received would be a windfall to most of her creditors who are scheduled at this time to receive less than one hundred percent of their allowed claims. The same is true in the Coleman case. Given that Ms. Coleman is proposing a ten percent plan, most of the creditors would also benefit from a successful state court verdict. Unlike Meyers, Coleman does not yet have a confirmed plan of reorganization, but this distinction makes no difference.

In both cases, the removing parties have timely filed proofs of claim. First Family argues that these suits should remain in bankruptcy court because the suits affect the amount of the Defendants' claims and are core proceedings under 28 U.S.C. § 157(b)(2)(A) and (O). First Family and Norwest also argue that this Court must determine the amount of the Defendants' claims as a part of the plan confirmation process which determination will have res judicata or collateral estoppel effect as to the Coleman and Meyers' claims in state court. The Defendants allege that allowance of a claim for purposes of confirmation of a Chapter 13 binds a debtor forever.

The Defendants' position is incorrect as it relates to this type of situation for two reasons. First, the Debtors may seek reconsideration of any allowed claim "according to the equities of the case" under 11 U.S.C. § 502(j). This reconsideration may occur up to the time a case is closed. Fed.R.Bankr.P. 3008. Therefore, the reconsideration may be after confirmation of a Chapter 13 plan. A plan confirmation does not finally settle a claim in all cases. Courts are asked to utilize Section 502(j) to consider the equities of the situation as well as

> the extent and reasonableness of any delay or prejudice to any party in interest, the effect on efficient court administration and the moving party's good faith.

Fed.R.Bankr.P. 3008. *In re Fryer*, 172 B.R. 1020 (Bankr.S.D.Ga.1994). Because of the factors, a confirmation order which deals with claims and a claim allowance order are final and binding orders except in rare situations where equity demands another result. Such situations will be few and far between. *In re Bernard*, 189 B.R. 1017 (Bankr.N.D.Ga. 1996). However, these cases present precisely the equitable situation contemplated by Section 502(j).

Second, the lawsuits involving the Debtors are only in small part a claim resolution. As the Court understand the Debtors' cases, they do not dispute the majority of the debt owed to any of the Defendants. They only dispute the amount owed for credit life insurance premiums. The lawsuits also claim the Defendants owe punitive damages to the Debtors because of the Defendants' alleged misdeeds. Any award of punitive damages is an asset of the Debtors' estates, not a claim against the estates. Therefore, whether damages are awarded or not will not impact the claim the Defendants have in these cases. An award of punitive damages will simply raise the amount paid to the Defendants, and all other creditors, if less than 100%.

For these reasons, remand of the two state court proceedings is appropriate. The Circuit Court of Mobile County is better suited to hear such matters and any monetary effect on either bankruptcy can be appropriately dealt with by this Court at a later date pursuant to 11 U.S.C. § 502(j).

### Abstention

If this Court is incorrect in its view that remand is appropriate, an alternative ground for returning these cases to state court exists. In a previous ruling, *In re Republic Reader's Service, Inc.*, 81 B.R. 422 (Bankr.S.D.Tex.1987), this judge, sitting elsewhere, determined that state court is the best forum for resolving "a cause of action for monetary damages based primarily on state law" so long as the action "can be litigated in state court without substantial delay and disruption to the orderly administration of the estate." *Id.* at 426.

The Mobile County Actions involve specific state law issues. The Debtors' state court counsel have admitted that their entire case theoretically revolves on a very recent Alabama Supreme Court ruling. *See, McCullar v. Universal Underwriters Life Ins. Co.*, 1995 WL 577025, —— So.2d —— (Ala.) This admission further strengthens the argument in favor of remand and abstention.

Abstention will not delay the administration of these estates. The Court will proceed to confirmation valuing the defendants' claims at full claim value. This means confirmation can occur in timely fashion and payments to creditors take place in timely fashion.

Abstention is permissive under 28 U.S.C. § 1334(c)(1) "in the interest of justice," or "in the interest of comity with state courts or respect for state law." Permissive abstention is appropriate where novel state law issues or a complicated state regulatory scheme is involved. *J.D. Marshall, Int'l, Inc. v. Redstart, Inc.*, 74 B.R. 651 (N.D.Ill. 1987). In the immediate cases, the federal bankruptcy objectives will be better served and more likely to succeed if this Court abstains.

### CONCLUSION

Therefore, it is ORDERED that:

1. The motion to remand is granted, or, alternatively, the motion to abstain is granted and the case of *Randell D. Meyers and Rosemary Meyers v. Norwest Financial Alabama, Inc. and Centurion Life Insurance Company*, Case No. CV–95–004275–RGK, Circuit Court of Mobile County is returned to that court and *Clarence Coleman and Beverly Odom Coleman v. First Family Financial Services, Inc. and Associates Financial Life Insurance Company*, Case No. CV–95–004257–RGK, Circuit Court of Mobile County, is returned to that court.

2. Distribution of any funds recovered by Debtors as a result of these causes of action is subject to further order of this Court.