**In re Billy C. BRANHAM, Debtor.**

**Billy C. BRANHAM, Plaintiff,**

v.

**Judith DAVIS, Defendant.**

**Bankruptcy No. 7–90–01775–HPB–7. Adv. No. 7–90–00234.**

United States Bankruptcy Court, W.D. Virginia, Big Stone Gap Division.

July 10, 1992.

---

Robert T. Copeland, Copeland, Molinary & Bieger, Abingdon, VA, for debtor/plaintiff.

John M. Lamie, Browning, Morefield, Lamie & Sharp, Abingdon, VA, for defendant.

## MEMORANDUM OPINION

H. CLYDE PEARSON, District Judge.

Before the Court is the Motion of Judith Ann Branham, now Davis, former spouse of the Debtor, Billy Charles Branham, following hearing after due notice of said Motion, that this Court abstain from further consideration of this case or this adversary proceeding.

The Debtor, Billy C. Branham, filed his Chapter 7 petition in this Court on September 24, 1990. This filing followed only a short period of time after the Court of Appeals of Virginia entered its opinion on August 7, 1990, affirming the Circuit Court of Wise County dealing with the support, maintenance, property settlement, and final divorce of these parties. This litigation between these parties had continued in the state court for a period of four years, resulting in the Final Decree of the Circuit Court being affirmed by the Court of Appeals.

It appears from the Debtor's petition filed in this Court and the evidence presented that virtually the sole problem confronting the Debtor herein is the decision of the Circuit Court of Wise County concerning the property settlement, support, and other matters between these parties, which was resolved after the lengthy litigation by the final decision of the Court of Appeals. The Debtor listed two or three other creditors in his petition; however, those creditors do not create any significant issues before this Court since they involve non-problem loans and are apparently being maintained in a satisfactory manner, which includes a substantial loan to a bank for the financing of the Debtor's late model Cadillac automobile. In the Debtor's petition, the Debtor seeks to exempt, to the prejudice of his former spouse, property rights fixed in the state court decree, including certain property and equipment constituting the major portion of a printing company. The Debtor seeks and asserts these rights as well against the interest of the Chapter 7 Trustee. The parties have heretofore, in pleadings in this Court, framed the issues challenging the right to claim said exemptions on behalf of the Debtor to the exclusion of the Trustee and former wife.

In the Debtor's Appeal of the circuit court decree to the Court of Appeals, he raised the following issues: 1) whether the trial judge erred in awarding a divorce to his wife instead of to Debtor; 2) whether

the trial judge erred in determining that the printing company was marital property and not separate property; 3) whether the equal division of the company if marital property was in error; 4) whether the trial judge erred in not finding that certain stock was marital property; 5) whether the valuation of Morley Printing Company, the retirement accounts and other personal property was in error; and 6) whether the award of attorney's fees to the wife was excessive under the circumstances. The Court of Appeals, finding no error, affirmed the Circuit Court's decision.

At the hearing on the within Motion, the Debtor testified extensively as to his displeasure with the ruling of the Circuit Court of Wise County, which was affirmed, and seeks, by filing his petition in this Court, to undo the state court ruling and have this court rule that his property including the printing company is exempt to him and therefore excluded, apparently, from the property award of the state court.

The Debtor has been and remains in arrears as to the support payments ordered by the circuit court, although he has a substantial credit line with Sovran Bank (now Nations Bank) from which he finances his business transactions and personal matters. The arrears ordered by the Circuit Court of Wise County continue to exist and mounts daily. There is no evidence before this Court that a loan from Nations Bank could not be arranged to settle most of the matters between the Debtor and his former wife.

■ The authority to abstain is vested in this Court by virtue of 11 U.S.C. § 305, 28 U.S.C. § 1334, and Rule 5011. Although the statutes refer to abstention by the "District Court," most cases have held that the Bankruptcy Court, after the order of reference, has jurisdiction to abstain in appropriate cases. This Court therefore assumes that under the general order of reference issued by the District Court, it has jurisdiction to determine whether or not abstention is appropriate.

■ In the case of *Caswell v. Lang*, 757 F.2d 608 (4th Cir.1985), the Fourth Circuit Court of Appeals dealt with the issue of whether or not a Chapter 13 case should incorporate the payment of state court-ordered support and maintenance of dependent children and spouses. The Court reviewed the many cases on the point and noted that the Supreme Court has long favored state court retention of exclusive control over the collection of child support. Further, the whole subject of domestic relations of husband and wife, parent and child, belong to the laws of the state and not to the United States, *citing McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) and other cases. In the *Caswell* case, which also dealt with Virginia law, the court stated that Virginia courts may determine the support and custody of minor children and the support relationship between the parents and children and held that it was inappropriate for a Chapter 13 case to deal with support matters which are properly vested in the appropriate state courts that have jurisdiction over these matters. The Court at page 610 stated:

We agree with the District Court that it would result in great injustice to require children to await a Bankruptcy Court's confirmation of a debtor's Chapter 13 Plan before permitting them to enforce their state court-determined right to collect past due support payments. The Bankruptcy Code may not be used to deprive dependence, even if only temporarily, of the necessities of life.

In the recent case of *Farrey*, also known as *Sanderfoot v. Sanderfoot*, 500 U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), the Supreme Court of the United States decided a case in which a debtor, who had previously been through a state court domestic proceeding in which the former wife had been awarded a marital interest in the property, sought in his bankruptcy case to claim exempt and to avoid the lien of his former wife, and the Court held that this avoidance was improper and could not be effected in the bankruptcy court to the exclusion of the former wife's interest. Sanderfoot never made the required payments ordered by the state court and in-

stead on May 4, 1987, he voluntarily filed his Chapter 7 petition scheduling his property as exempt. This property had previously been determined to be joint property of the debtor and former spouse and now debtor sought to avoid her judicial lien. The Court held that to use the Bankruptcy Code to deprive a spouse of the protection of her rights granted in the state court would serve no main goal which the Bankruptcy Code was designed to provide for debtors. Although *Sanderfoot* does not deal with the issue of abstention, it nevertheless sets forth the principles which govern this case in that the sole purpose of this Chapter 7 case is to undo the state court determinations which were finalized after four years and appealed to the Virginia Court of Appeals. The debtor now seeks to have this Court set aside that which was determined by the state court.

Another case setting forth the principles which appropriately govern this case is *Robbins v. Robbins*, 964 F.2d 342 (4th Cir. 1992). The Court had before it a bankruptcy issue in which the debtor's spouse sought relief from the automatic stay to enable her to proceed with equitable distribution decrees in the state courts of Florida. After the Florida State Court's decision, the husband filed in the North Carolina Bankruptcy Court a Chapter 11 petition. The Fourth Circuit agreed that the section 362 stay should be relieved permitting the State Court of Florida to proceed to resolve the issues between the parties. In *Robbins*, the court dealt with relief from the § 362 stay, but the principle here as to abstention is essentially similar. The procedural issue in the foregoing cases prohibited the use of this court to circumvent the state court decrees but permitted the case to go forward because matters of substance needed resolution. Here, the essential issue, and virtually the sole issue, is the state court decree; and, hence, the appropriate procedural remedy is abstention as authorized by 11 U.S.C. § 305.

For the reasons herein stated, it is the judgment of this Court that abstention should be granted and that this case and all adversary proceedings and motions be dismissed. The Court concludes from all facts and circumstances relating to the case that this Court should not further hear and consider these matters, which for the most part, should be resolved by the state court since these issues virtually in their entirety arise out of the domestic state court proceedings and any action sought by the Debtor here would be counter to the foregoing decisions. An appropriate order will be entered.

The Clerk of Court shall mail a copy of this Memorandum Opinion to the Debtor; counsel for Debtor/Plaintiff; counsel for Defendant; and all creditors and interested parties.