In re BEN FRANKLIN RETAIL
STORES, INC.

Jackson National Life Ins.
Co., et al., Plaintiffs,

v.

Robert A. Kendig, et al., Defendants.

Bankruptcy No. 96 B 19482.
Adversary No. 98 A 01010.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 25, 1999.

**718**

Gerald G. Saltarelli, Randi L. Ellias, Butler, Rubin, Saltarelli & Boyd, Chicago, IL, for Richard T. Krubeck.

Jeffrey Osterkamp, Phillip L. Stern, Freeman, Freeman & Salzman, Chicago, IL, for Non–Party, John Suedbeck.

Michael R. Hassan, Anne Kelly Turner, Lord, Bissell & Brock, Chicago, IL, Jeffrey L. Glatzer, Anderson, Kill & Olick, New York City, for Plaintiffs, Jackson Nat'l Life Insur. and Foothill Capital Corporation.

Peter B. Shaeffer, Chicago, IL, for Defendant David Brainard.

Peter Robert Sonderby, Chicago, IL, for Defendant Curtis W. Pryant.

David H. Kistenbroker, Freeborn & Peters, Chicago, IL, for Remaining Defendants.

### Memorandum Opinion

RONALD BARLIANT, Bankruptcy Judge.

The Plaintiffs' have moved to compel depositions of various named defendants, and John Suedbeck, a non-party, has moved for a protective order delaying his deposition. The wide-spread reluctance to submit to depositions arises because of the peculiar procedural posture of this proceeding. On October 13, 1998, this Court entered an order ("Dismissal Order") dismissing the proceeding against all defendants, except that it denied the motion of defendant Brainard to dismiss one count of the complaint. The Court also made the finding required by F.R.Civ.P. 54(b) to terminate the proceeding as to the claims and parties that were dismissed. Because this is a non-core proceeding, however, only the district court may enter a final judgment. The Dismissal Order, therefore, is really a proposed order submitted to the district court in lieu of the proposed findings and fact and conclusions of law called for by 28 U.S.C. § 157(c). Pursuant to that section, the Dismissal Order is now before the district court for consideration and, if it accepts the Dismissal Order, entry of a final order.

Defendants argue that this Court does not have jurisdiction to enforce the subpoenas because the entire proceeding is now before the district court, notwithstanding this Court's denial of Brainard's motion to dismiss one of the counts against him. The plaintiffs argue that this Court has jurisdiction over the surviving claim against Brainard and discovery related to that claim. Defendants also argue that they should not be required to submit to depositions until the district court decides whether to accept or reject the Dismissal Order. They contend that if this Court compels their depositions now and the district court later rejects the Dismissal Order and requires them to defend the complaint, they may be subject to two rounds of depositions. For the reasons set forth below, this Court finds that it has jurisdiction to decide the motions, but it will stay all oral depositions except that of defendant Brainard until after the district court has ruled.

### BACKGROUND

These are not simple discovery motions. The complexity reflects the complexity of the division of bankruptcy jurisdiction between the bankruptcy and district courts, particularly with respect to matters that are within bankruptcy jurisdiction only because they are "related to" a bankruptcy case. Such matters are outside the "core" jurisdiction of the bankruptcy court. Although bankruptcy judges may "hear and determine" matters within their core jurisdiction, they may only "hear" matters that are non-core. 28 U.S.C.

§ 157(b),(c). The determination of non-core matters by entry of final orders must be by the district court. Accordingly, § 157(c) requires the bankruptcy court to "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."

The Dismissal Order was entered on the defendants' motions to dismiss the proceeding. Generally, findings of fact and conclusions of law are not required on decisions of such motions (F.R.Bankr.P.7052), but this Court submitted the Dismissal Order in lieu of findings and conclusions in order to satisfy the requirements of § 157(c). The plaintiffs filed objections to the Dismissal Order on November 12, 1998. No objection was filed with respect to Brainard. The issues have been fully briefed before the district court and the parties are awaiting that court's decision. The district court may "accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions." F.R.Bankr.P. 9033.

Rather than wait for the district court, the plaintiffs, with this Court's encouragement, elected to proceed with their case on the remaining claim against Brainard. In December, 1998, they served subpoenas on Mr. Krubeck and several defendants who this Court had found should be dismissed. The defendants (including Brainard, who the plaintiffs also want to depose) agreed to proceed with written and document discovery, but asked the plaintiffs to defer depositions until after the district court ruled. When the plaintiffs refused to postpone the depositions, the defendants filed a motion in district court seeking a stay of depositions. The plaintiffs filed the present motions in this Court to compel the subpoenaed parties to appear for their depositions.

The defendants are concerned that they may be subject to multiple depositions in the event the district court rejects the Dismissal Order. First, however, this Court must determine whether it has jurisdiction over pending discovery with respect to the remaining claim against Brainard.

## DISCUSSION

### Jurisdiction

■ It is fundamental that the power, or jurisdiction, of every federal court, at all levels, is derived solely from the Constitution and statutes of the United States, and every court's jurisdiction is therefore limited to that granted by the Constitution and statutes. *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized the Constitution and statute (citations omitted), which is not to be expanded by judicial decree.")

The jurisdiction of the district court and of this court are derived first from 28 U.S.C. § 1334, which grants to the district courts "original . . . jurisdiction of all civil proceedings . . . related to cases under title 11 [*i.e.,* the bankruptcy code]."[1] Under 28 U.S.C. § 157(a), however, the district court is allowed to refer any proceeding over which it has jurisdiction under § 1334 to this court. The district court for this district has adopted a general rule, Local General Rule 2.33A, that automatically refers all matters within its § 13340011 bankruptcy jurisdiction to this court. *See Jackson Nat'l Life Ins. Co. v. Kendig,* Case No. 98 A 1010, pg. 2, fn. 2 (Bankr.N.D.Ill. October 13, 1998).

■ By operation of § 157(a) and the local rule, the district court's § 1334 jurisdiction over this proceeding vested in this Court. No part of that jurisdiction remained

---

1. A "case" is that matter which is commenced by the filing of a petition under §§ 301, 302 or 303 of the bankruptcy code. A "proceeding" is a discrete matter within a case. In particular, an adversary proceeding is a civil action commenced by filing a complaint that asserts a claim that arises under or in a bankruptcy case, or (like the present matter) is related to a bankruptcy case. Fed.R.Bankr.P. 7001, 7003, 9002(1).

in the district court. That is so because nothing in the relevant sections of title 28, §§ 1334 and 157, reserves any jurisdiction to the district court after referral, and no such reservation can be accomplished by "judicial decree." *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673.[2] It is also fundamental that a higher and lower court cannot have jurisdiction of the same aspect of the same case at the same time. *See Bradford–Scott Data Corporation, Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997), citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). In a bankruptcy context, once the district court has referred the matter to the bankruptcy court, "both courts cannot concurrently preside over the same aspects of the case." *In re Kashani*, 190 B.R. 875, 884 (9th Cir. BAP 1995). The district court's only reservoir of control over a referred matter is its power to withdraw that reference under 28 U.S.C. § 157(d). "Once the district court refers the case to the bankruptcy court, unless the district court withdraws the reference, in whole or in part pursuant to 28 U.S.C. § 157(d), the case is within the subject matter jurisdiction of the bankruptcy court." *Kashani*, 190 B.R. at 884. *Cf. In re Burger Boys, Inc.*, 94 F.3d 755, 762 (2nd Cir.1996). (District court could not decide factual issues without withdrawing the reference.) There was no such withdraw of the reference here.[3]

■ The foregoing is probably not terribly controversial. But the present situation is complicated by the entry of the Dismissal Order that would be a final judgment as to some parties and claims, but does not terminate the proceeding against one defendant.

Defendants believe, based upon § 157(c) and Local General Rule 432, that this Court does not have jurisdiction over any part of this proceeding, including the surviving claim against Brainard, until the district court rules on the Dismissal Order. The defendants argue that § 157(c) requires the district court to review this Court's finding that the proceeding should be dismissed against all but one defendant *and* this Court's finding that it should survive against defendant Brainard. In effect, they argue that the district court's § 1334 jurisdiction is invoked by § 157(c) over the entire proceeding. In making that argument however, defendants overlook that § 157(c) applies only to the entry of *final* orders and judgments.

■ The district court's jurisdiction (or, more precisely, resumption of jurisdiction) is triggered under that section only by the bankruptcy court's proposal of "findings of fact and conclusions of law." After consideration of that proposal and de novo review of matters to which objections are filed, the court may enter final orders. Indeed, the whole point of § 157(c) is to authorize the bankruptcy court to "hear" non-core matters, while reserving to the district court the ultimate power to determine those matters by final judgment. It would completely defeat that scheme to allow the district court to review, without withdrawing the reference, orders that are not final. Indeed, it is hard to imagine anyone—including the defendants here—seriously arguing in a case with a single claim against a single defendant that the district court could conduct a § 157(c) review of an order that denied a motion to dismiss. While an order dismissing a claim is a final

---

**2.** It is true that the district judge entered an order referring the proceeding for "pre trial matters." Such an order can have no effect. There is no such thing in bankruptcy jurisprudence as a referral for "pre trial matters." No statute authorizes any referral other than a § 157(a) referral of cases and proceedings. Once that referral is made, as explained in the text, the district court has no residue of § 1334 jurisdiction left, and no power to limit this Court's jurisdiction by "judicial decree."

**3.** These principles of the limitations on the district court's § 1334 jurisdiction have been explicitly recognized by the drafters of the Federal Rules of Appellate Procedure. Rule 6(a) pertains

to final judgments of "a district court exercising jurisdiction under 28 U.S.C. § 1334...." The Advisory Committee Notes to that rule state that, "A district court exercises original jurisdiction and this subdivision applies when the district court enters a final order or judgment upon consideration of a bankruptcy judge's proposed findings of fact and conclusions of law in a non-core proceeding pursuant to 28 U.S.C. § 157(c)(1) or when a district court withdraws a proceeding pursuant to 28 U.S.C. § 157(d)." The committee notes no other circumstance in which the district court may exercise § 1334 jurisdiction, and this Court knows of none.

order, an order denying a motion to dismiss is not final. *See In re Jartran, Inc.*, 886 F.2d 859, 864 (7th Cir.1989)(denial of motion to dismiss bankruptcy case not a final order and not appealable). *See also In the Matter of United States Abatement Corp.*, 39 F.3d 563, 567 (5th Cir.1994)(civil contempt order not "sufficiently final so as to trigger the review process of Bankruptcy Rules 9020 and 9033" where no sanctions had been assessed).[4] But the argument the defendants make here is no different. This Court's rule 54(b) finding that there is no reason to delay enforcement or appeal of the *grant* of the motions to dismiss only means that the district court is now authorized to consider whether to enter such a final judgment. It does not authorize the district court's exercise of jurisdiction over that surviving claim. To hold otherwise would require construing Rule 54(b) as an exception to the jurisdictional scheme created by §§ 1334 and 157. Plainly, that cannot be.

Defendants focus their argument on the requirement that the district court must review proposed findings of fact and conclusions of law in non-core matters even where there is no objection. (Here no objection was filed concerning *denial* of the motion to dismiss the claims against Brainard.) The distinction is not, however, whether an objection was filed, but whether a final order or judgment has been proposed that provides the district court with jurisdiction under § 157(c). In this case the order denying the motion to dismiss the fraud claims against Brainard is not a final order. Therefore, regardless of whether objections were filed related to those findings, it is not before the district court because it is not a final order.

Part of defendants confusion may stem from Local Rule 432 which provides, in relevant part:

**4.** Bankruptcy Rule 9033 sets forth the procedures for filing objections permitted by § 157(c)(1). Subsection (b) of Rule 9033 and the time for filing objections are modeled after Fed. R.Civ. P. 72(b), which governs recommendations by magistrate judges. While the procedures for filing the objections are similar, the role of the bankruptcy judge in non-core matters is quite different from that of a magistrate judge. A non-core/related-to proceeding is heard by the bankruptcy judge in its entirety unless the reference is withdrawn. A district judge may, however, refer only a portion of a case—such as a discovery dispute—to a magistrate judge for recommendation. Section 157(c)(1) contemplates the entry of "final orders and judgments" by the district court after consideration of the findings and conclusions proposed by the bankruptcy judge. The statutes governing assignments to magistrate judges and review by district courts are quite different, expressly allowing for review of non-final orders, including pretrial matters, in certain circumstances. 28 U.S.C. § 636(b)(1)(A).

After transmission of proposed findings and conclusions to the District Court no filings ... may be made in the Bankruptcy Court with respect to the non-core proceeding until after dispositive ruling by the District Court. [Rule 432 of the Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois].

Rule 432, however, must be read in conjunction with Fed.R.Civ.P. 54(b) (applicable to bankruptcy proceedings by Bankr.Rule 7054(a)). Rule 54(b) provides:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, *or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Dismissal Order provided that "there is no just reason for delay" and directed that it be a "final judgment." The effect of that language and Rule 54(b) rendered the Dismissal Order final as to all claims and all

defendants except the fraud claim against defendant Brainard. The further effect was that this Court retained jurisdiction over the fraud claim against Brainard that was not dismissed and the district court has jurisdiction over the remaining defendants and claims that were dismissed. As Rule 54 indicates, jurisdiction over multiple claims or parties in a proceeding may be divided between courts. The only prohibition is that the district court and the bankruptcy court "cannot preside over the same aspects of the case." *In re Kashani*, 190 B.R. 875, 885 (9th Cir. BAP 1995).

Read in conjunction with Rule 54, Local Rule 432 can only mean that there may be no filings with respect to the claims and parties that would be dismissed upon acceptance of the bankruptcy court's proposed findings and conclusions. Otherwise, it would, for example, have been a violation of Rule 432 for Brainard to file his answer to the complaint, and it would be a similar violation for any party to file motions with respect to the discovery that is, in fact, proceeding in connection with the claim against Brainard. Such a result would be inconsistent with a court's power and duty to adjudicate matters within its jurisdiction. No such result could have been intended by the drafters of the rule.

Accordingly, the district court does not have jurisdiction over that part of the Dismissal Order denying the defendants' motion to dismiss the fraud claim against Brainard. Rather, this Court retains jurisdiction over that claim, and therefore has jurisdiction over related discovery matters.

**Equitable Concerns**

■ Apart from jurisdictional concerns, the defendants and Suedbeck object on practical grounds to the taking of depositions until after the district court has issued its ruling. They are concerned that if depositions are allowed to proceed now, while they are not parties, and the district court later rejects this Court's Dismissal Order, they will be brought back in as parties. They may then be required to participate in a second round of depositions. Further, without knowing if they are in or out of this action, they cannot know how to respond to discovery. Moreover, they argue, delay will not prejudice the plaintiffs because the district judge can be expected to rule soon. This Court agrees with at least most of those arguments.

Judge Anderson has indicated that he is close to issuing a final decision. Plaintiffs will not be prejudiced if they are delayed from taking depositions for a short period of time. The defendants who have been dismissed may, however, be subject to unnecessary expense and confusion since they are uncertain what there role in this case will be. It is also possible that the non-party, Suedbeck, will be subject to multiple depositions if the other defendants return to this case. Moreover, it appears that document and written discovery is proceeding without objections. Certainly, it should. Weighing the respective burdens, the balance falls in favor of a short stay.

Since there is no question that Brainard will remain a party, however, there is less reason to defer taking his deposition. It is true that other parties, if they are brought back into this case, may want to ask him questions. The possibility, far from a certainty, that Brainard may be subject to a limited second deposition in the future is not enough reason to delay now. Even more important, Judge Anderson has already ordered the deposition of Brainard in the matter before him.[5] Since he will be deposed anyway, there is no reason to defer his deposition in the matter before this Court.

An order will therefore be entered staying all the depositions except Brainard's until further order of this Court. The adversary proceeding and the pending motions will be set for reports on status in about 60 days.

### Order

For the reasons set forth in the Memorandum Opinion of even date herewith, **IT IS HEREBY ORDERED** that the Plaintiffs' Motions to Compel are denied with respect to all defendants except defendant Brainard.

---

5. Indeed, according to one of the papers filed in this Court, that deposition may have already occurred, in which case this motion may be moot with respect to Brainard.

IT IS FURTHER ORDERED that Suedbeck's Motion for a Protective Order is granted. Accordingly, all depositions except that of Brainard shall be stayed until further order of this Court. This matter is set for status on June 3, 1999 at 10:00 a.m.