In re HAVERHILL TECHNOLOGY
GROUP.

David M. Nickless, Trustee for
Haverhill Technology
Group, Plaintiff,

v.

Creare, Inc. and Mountain Valley
Indemnity Co. Defendants.

Bankruptcy No. 03–43988.
Adversary No. 03–4275.

United States Bankruptcy Court,
D. Massachusetts.

June 9, 2004.

David M. Nickless, Nickless and Phillips, Fitchburg, MA, for Plaintiff.

Stephen O'Shea, Martin, Magnuson, McCarthy & Kenney, Boston, MA, David O. Brink, Shaela McNulty Collins, Smith & Brink P.C., Quincy, MA, for Defendants.

## MEMORANDUM OF DECISION ON DEFENDANT MOUNTAIN VALLEY INDEMNITY CO.'S REQUEST FOR ENTRY OF FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO FED. R. BANKR. P. 9033 IN RELATION TO THE BANKRUPTCY COURT ORDER DENYING DEFENDANTS' JOINT MOTION FOR THE BANKRUPTCY COURT TO ABSTAIN FROM HEARING AND DISMISS OR REMAND THE ABOVE–ENTITLED PROCEEDING PURSUANT TO 28 U.S.C. § 1334(c)(2), 28 U.S.C. § 1334(c)(1), AND/OR 28 U.S.C. § 1452(b)

JOEL B. ROSENTHAL, Bankruptcy Judge.

This matter is presently before the Court on Defendant Mountain Valley Indemnity Co.'s Request for Entry of Findings of Fact and Conclusions of Law Pursuant to Fed. R. Bankr.P. 9033 in Relation to the Bankruptcy Court Order Denying Defendants' Joint Motion for the Bankruptcy Court to Abstain from Hearing and Dismiss or Remand the Above–Entitled Proceeding Pursuant to 28 U.S.C. § 1334(c)(2), 28 U.S.C. § 1334(c)(1), and/or 28 U.S.C. § 1452(b) [# 33] ("Request for Proposed Ruling") and the Trustee's Opposition thereto [# 31] ("Opposition to Request for Proposed Rulings").[1] After reviewing all of the relevant pleadings, the Court hereby DENIES the Request for Proposed Rulings.

## BACKGROUND

The instant adversary proceeding began as a state court action which the Chapter 7 Trustee removed to this Court.[2] The adversary proceeding involves only the non-core "related to" jurisdiction of this Court.[3] The Defendants demand a jury trial[4] and do not consent to this Court conducting said trial or entering final orders.

Following the removal of the state court action, the Defendants filed a Joint Motion

---

1. Defendant Mountain Valley has filed virtually identical requests in two other adversary proceedings commenced by the Trustee: Adversary Proceedings Nos. 03–4277 and 03–4278. This Memorandum is applicable to those Adversary Proceedings. Separate orders will enter in those cases.

2. The underlying dispute arises from Defendant Creare's alleged behavior in connection with delivery of a large piece of equipment and Defendant Mountain Valley Indemnity's failure to pay for the damaged equipment. In August 2002 the Debtor filed its complaint in the Essex County Superior Court. When the Debtor filed bankruptcy on July 7, 2003, discovery was in the early stages. No depositions, including expert witness depositions, had been conducted although the discovery deadline was December 2003.

3. Although the Defendants argued that the adversary proceeding was, at most, "related to" proceeding, the case clearly is related to the bankruptcy. *Boston Regional Medical Center v. Reynolds (In re Boston Regional Medical Center)*, 265 B.R. 645, 651 (Bankr. D.Mass.2001) quoting *In re Hall's Motor Transit Co.*, 889 F.2d 520 (3d Cir.1989) ("Under the widely accepted test, a proceeding is 'related to' a bankruptcy case within the meaning of 28 U.S.C. § 1334 and 157, the bankruptcy jurisdiction statutes, if its outcome 'could conceivably have any effect on the estate being administered in bankruptcy.' "). *See also In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st Cir.1991).

4. The Defendants are entitled to a jury trial on some, but not all, of the counts in the complaint and counterclaim.

for the Bankruptcy Court to Abstain from Hearing and Dismiss or Remand the Above–Entitled Proceeding Pursuant to 28 U.S.C. § 1334(c)(2), 28 U.S.C. § 1334(c)(1), and/or 28 U.S.C. § 1452(b) [# 4] ("Motion to Abstain") to which the Trustee's objected ("Objection to Motion to Abstain"). At the conclusion of the hearing, the Court denied the Motion to Abstain, primarily on the grounds that the Defendants failed to demonstrate that this matter could be timely adjudicated in state court.[5] On November 25, 2003 an order denying the Motion to Abstain ("November 25, 2003 Order") entered on the docket.

On December 5, 2003, the last day to file an appeal of the November 25, 2003 Order, the Defendants filed a motion seeking an extension of time to file an appeal of that Order and a stay of this adversary proceeding ("Extension Motion") on the grounds that "there is a conflict among the controlling rules and statutes as to appropriate method of seeking district court review." Because the Defendants failed to demonstrate any basis for the requested relief, the Court denied the Extension Motion.

On December 5, 2003 Defendant Creare, Inc. filed a pleading entitled "Objections of Defendant Creare, Inc. Pursuant to Fed. R. Bank. P. 9033" [# 14] ("Rule 9033 Objection"). Although the pleading was styled as an objection pursuant to Fed. R. Bank. P. 9033 and bore a caption indicating it was addressed to the district court,[6] in reality the Rule 9033 Objection was a motion for reconsideration. Thus placing substance over form, the Court denied the Rule 9033 Motion.

On the same day Defendant Mountain Valley Indemnity Co. filed a pleading entitled "Request for District Court Review Pursuant to Fed. R. Bank. P. § [sic] 9033 of the Bankruptcy Court Order Denying the Defendants' Joint Motion for the Bankruptcy Court to Abstain from Hearing and Dismiss or Remand the Above–Entitled Proceeding Pursuant to 28 U.S.C. § 1334(c)(2), 28 U.S.C. § 1334(c)(1), and/or 28 U.S.C. § 1452(b)" [# 16] ("Request for District Court Review"). Defendant Mountain Valley requested that the district court review the November 25, 2003 Order *de novo* on the grounds that this Court lacked jurisdiction to enter the Order. This pleading was transmitted to the district court which, on April 8, 2004, issued its Memorandum & Order in which it denied the Request for District Court Re-

---

5. At the oral argument Defendant Creare's counsel acknowledged that, based upon her conversation that morning with a clerk at the Essex County Superior Court, there would be a delay of approximately 18 months before the case could be tried in state court. He did advise her that she could file a motion to expedite the trial. Defendant's counsel did not address whether she intended to file such a motion or the grounds upon which such a request would rest. In any event, it is by no means a certainty that such a motion would be granted by the state court.

The Chapter 7 Trustee disputed that the case could be timely adjudicated in state court. Based upon his experience in the Essex Superior Court even "firm" trial dates are not firm. He reported that during the previous summer or fall, when he last appeared in Essex Superior Court on a firm trial date, with witnesses in tow, he was told that he would be assigned a future trial date. When the Court heard the Motion to Abstain in November 2003, the Trustee reported that the state court had yet to try that case.

6. The captioning of the Defendants' pleadings are misleading. For example, they addressed the Abstention Motion to the district court even though the matter is pending before this Court. The Request for Proposed Rulings, which Mountain Valley Indemnity Co. clearly intended be addressed by this Court, is similarly addressed to the district court. In fact, all of the pleadings filed by the Defendants, jointly or singly, are addressed to the district court.

view without prejudice. Specifically the district court stated:

Fed. R. Bankr.P. 9033 is entitled "Review of Proposed Findings of Fact and Conclusions of Law in Non–Core Proceedings." That rule provides that in non-core bankruptcy proceedings, such as the one at issue here, the bankruptcy judge shall file proposed findings of fact and conclusions of law. Fed. R. Bankr.P. 9033. Within ten days of being served with a copy of those findings the parties may file objections. *Id.* A district judge will then exercise *de novo* review, based upon the record and any other evidence of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific objection has been made. *Id.*

In the instant case, the Bankruptcy Court has not yet issued findings of fact or conclusions of law in this non-core proceeding and, pursuant to Fed. R. Bankr.P. 9033, any review by the District Court at this stage would be premature. As such, defendant's motion is improperly filed. Defendant has a right to object to the Bankruptcy Court's ruling but not until it has issued findings of fact and conclusions of law. Defendant's motion will be denied.

## POSITION OF THE PARTIES

Defendant Mountain Valley Indemnity Co., reading the district court's Memorandum & Order as a directive that this Court enter proposed finding and rulings in connection with its decision not to abstain, filed its Request for Proposed Rulings. The Chapter 7 Trustee interprets the Memorandum & Order differently; he argues that this Court has not yet *heard* this matter and thus there are no final orders ready for review by the district court. He reads the Memorandum & Order to mean that the district court will review this Court's proposed final orders at the conclusion of this case.[7]

## DISCUSSION

*Bankruptcy Court Jurisdiction Under Section 1334*

■ Section 1334(a) of title 28 vests federal district courts with exclusive jurisdiction over all cases *"under* title 11," while 28 U.S.C. § 1334(b) grants the district courts "original but not exclusive jurisdiction of all civil proceedings *arising under* title 11, or *arising in* or *related to* cases under title 11." (Emphasis added). In turn, 28 U.S.C. § 157(a) permits the district court of each district to refer these cases to the bankruptcy judges for that district. The United States District Court for the District of Massachusetts has made such a referral. LR, D. Mass. 201. Although the district court may, and in this district has, referred all matters for which it has jurisdiction under § 1334(a) and (b), the power of the bankruptcy court to enter final orders in a referred proceeding is not coextensive with the referral. Instead the bankruptcy court's jurisdiction is limited as is constitutionally required. *See Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 87, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982) ("We conclude that 28 U.S.C. § 1471 (1976 ed., Supp. IV), as added by § 241(a) of the Bankruptcy Act of 1978, has impermissibly removed most, if not all, of 'the essential attributes of the judicial power' from the Art. III district court, and has vested those attributes in a non-Art. III adjunct. Such a grant of jurisdiction cannot be sustained as an exercise of Congress' power to create adjuncts to Art. III"). *See also* 28 U.S.C. § 157.

7. Because the Defendants do not consent to a jury trial in this Court, the adversary proceeding must be tried in the district court. 28 U.S.C. § 157(e); LR, D. Mass. 202.

*Core proceedings*

At it essence, bankruptcy court jurisdiction exists in cases "under" the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* and those cases "arising under," "arising in," and "related to" title 11. 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a). The foregoing types of proceedings are further delineated as "core" or "non-core." Because of the constitutional limits imposed upon bankruptcy court jurisdiction, distinguishing between core and non-core proceedings is vital to the exercise of jurisdiction by a bankruptcy court. A bankruptcy court may hear and finally determine all core bankruptcy proceedings; the parties' agreement is not needed. 28 U.S.C. § 157(b). In non-core "related to" proceedings, however, only the district court may enter final orders absent consent of the parties. 28 U.S.C. § 157(c). In non-core proceedings, a bankruptcy court proposes final orders to the district court. Fed. R. Bankr.P. 9033. Section 157(c), however, by its very language "applies only to the entry of final orders and judgments." *In re Ben Franklin Retail Stores, Inc.,* 231 B.R. 717, 720 (Bankr. N.D.Ill.1999). It does not apply to non-final orders.

■ "Generally speaking, a proceeding which 'arises under' the bankruptcy laws is considered core. *See* 28 U.S.C. § 157(b)(1); *Boroff v. Tully (In re Tully),* 818 F.2d 106, 108 (1st Cir.1987)." *In re Sheridan,* 362 F.3d 96, 106 (1st Cir.2004). "Related to" actions are non-core. "Determination of what is core and what is non-core has not always been easy.... [A] procedure is core ... if it invokes a substantive right provided by title 11 or if it is a procedure that, by its nature, could arise only in the context of a bankruptcy case.'" *In re Palmer Trucking Co.,* 201 B.R. 9, 17 (Bankr.D.Mass.1996) quoting *Ralls v. Docktor Pet Ctrs., Inc.,* 177 B.R. 420, 424

(D.Mass.1995). A core proceeding, unlike its non-core counterpart, "relates to a function essential to the administration of the bankruptcy case." *Sheridan,* 362 F.3d at 106. "If the proceeding, by its nature, arises only within the bankruptcy context because it involves a right created by federal bankruptcy law, then it is a core proceeding." *In re Scotland Guard Services, Inc.,* 179 B.R. 764, 766–67 (Bankr.D.P.R. 1993) citing *In re Wood,* 825 F.2d 90, 97 (5th Cir.1987). That a matter raises issues of state rather than federal law does not by itself determine that the matter is non-core. *In re Arnold Print Works,* 815 F.2d 165, 169 (1st Cir.1987). "It is the nature of the proceeding—its relation to the basic function of the bankruptcy court—not the state or federal basis for the claim, that makes the difference...." *Id.*

■ A non-exhaustive exemplar list of proceedings considered "core" is set forth in 28 U.S.C. § 157(b)(2)(A)-(O) but "even this list in several instances is not a model of specificity." *Palmer Trucking,* 201 B.R. at 17. Section 157(b)(2)(A)("matters concerning the administration of the estate") and section 157(b)(2)(O)("other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims") must be read with the constitutional parameters articulated in *Marathon* in mind lest these sections form the basis for overstepping the boundaries. "It is important to note that the matters adumbrated in Bankruptcy Code § 157(b)(2)(A) and (O) likewise typically arise within the context of a particular bankruptcy case, and are essential to the efficient administration of the bankruptcy case." *Sheridan,* 362 F.3d at 107.

Applying these general principles, the Court must determine whether the Motion

to Abstain falls within the core jurisdiction of the bankruptcy court.

*Is a motion to abstain and remand a core matter?*

■ An examination of the core or non-core nature of a motion to abstain must begin with a recognition that the statute and rules governing abstention and remand were amended by Congress as part of the Judicial Improvements Act of 1990 (the "1990 Amendments"). Pub.L. 101–650. Prior to the 1990 Amendments, § 1334(c)(2), the mandatory abstention provision,[8] provided that "[a]ny decision to abstain made under this section is not reviewable by appeal or otherwise." Many courts, including the First Circuit interpreted this provision to mean that only a

district court could enter mandatory abstention orders;[9] to hold otherwise would be unconstitutional. *In re Corporacion de Servicios Medicos Hospitalarios de Fajardo v. Mora (In re Corporacion de Servicios Medicos Hospitalarios de Fajardo)*, 805 F.2d 440, 443 (1st Cir.1986).[10] Moreover Fed. R. Bankr.P. 5011(b), as it existed prior to August 1, 1991, acknowledged the constitutional dilemma of permitting a bankruptcy court to enter abstention and remand orders. It required a bankruptcy court to submit proposed finding and recommendation to the district court which would then decide the motion *de novo* after considering the bankruptcy court's report.

The landscape of abstention and remand was dramatically altered by section 309 of

---

**8.** Mandatory abstention applies only to non-core matters. 28 U.S.C. § 1334(c)(2). Discretionary abstention applies to both core and non-core matters. 28 U.S.C. § 1334(c)(1). *See All American Laundry Service v. Ascher (In re Ascher)*, 128 B.R. 639, 645 (Bankr.N.D.Ill. 1991) citing Collier On Bankruptcy, ¶ 3.01[3][a] at 3–68 (15th ed.1989).

**9.** Because § 1334(c)(1) never prohibited appeals or further reviews of discretionary abstention orders, many courts held that bankruptcy courts were not constitutionally prohibited from entering final orders on discretionary abstention motions despite the requirement in Fed. R. Bankr.P. 5011(b)(before its 1991 amendment) that the bankruptcy courts report and recommend *all* abstention decisions under § 1334(c). *Ascher*, 128 B.R. at 645. *In re Holtzclaw*, 131 B.R. 162, 164 (E.D.Cal.1991) ("Although bankruptcy rule 5011(b) requires a bankruptcy judge to issue a report and recommendation on discretionary abstention issues, other courts that have considered the issue have found the rule to be in direct conflict with 28 U.S.C. § 1334(c)(1)."). Whether courts held that bankruptcy courts could issue discretionary abstention orders prior to the 1990 Amendments is irrelevant now as the First Circuit has determined that a bankruptcy court may enter such orders which may then be appealed. *In re Middlesex Power Equipment & Marine, Inc.*, 292 F.3d

61, 69 (1st Cir.2002) ("Our review of the bankruptcy court's decision to abstain under § 1334(c)(1) is for abuse of discretion.").

**10.** In *Corporacion* the court recognized that, under the previous draft of 28 U.S.C. § 1334 and its attendant bankruptcy rules, motions to abstain were not core matters.

> As recently recognized by the Advisory Committee on Bankruptcy Rules, which is charged with the task of drafting the post-*Marathon* amendments to the Bankruptcy Rules, decisions to abstain pursuant to 28 U.S.C. § 1334(c)(2) do not, by definition, involve matters "arising under" title 11 and, therefore, only district courts possess the jurisdictional authority to issue such orders. *See* Proposed Bankruptcy Rule 5011(b) (permitting bankruptcy court to hear motion for abstention and file report and recommendation with district court). Indeed, section 1334(c)(2) states that "the district court shall abstain from hearing such proceeding...." 28 U.S.C. § 1334(c)(2).... In the case at bar, therefore, we do not believe the district court erred in reviewing the abstention order of the bankruptcy court. On the contrary, we are persuaded that the constitutional status of bankruptcy courts and the Bankruptcy Code itself compel district courts to undertake such review.

> *Id.* at 443.

the 1990 Amendments and the subsequent companion amendment to Fed. R. Bankr.P. 5011. Specifically, 28 U.S.C. § 1334(c)(2) added the following highlighted language: "Any decision to abstain *or not to abstain* made under this subsection is not reviewable by appeal or otherwise *by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.*" The amendment prohibits review of any mandatory abstention order entered by a bankruptcy court only by courts of appeal and the Supreme Court. It does not prohibit such review by a district court. If there were any doubt as to this interpretation, the legislative history of section 305 confirms it.[11] "Section 309 would amend 11 U.S.C. § 305(c) and 38[sic] U.S.C. § 1334(c)(2) and 1452(b) to clarify that, with respect to certain determinations in bankruptcy cases, they forbid only appeals from the district courts to the courts of appeal, not from the bankruptcy courts to the district courts." 136 Con. Rec. S17580 (October 27, 1990). *See Nationwide Roofing & Sheet Metal, Inc. v. Cincinnati Insurance Company (In re Nationwide Roofing & Sheet Metal, Inc.),* 130 B.R. 768, 777 (Bankr.S.D.Ohio 1991) (citing legislative history and collecting cases addressing the 1990 Amendments).

With judicial review of mandatory abstention orders by an Article III court in place, the constitutional problem, recognized and addressed by Fed. R. Bankr.P. 5011(b) (now repealed) was resolved; the 1990 Amendments eliminated the need for a bankruptcy court to submit proposed findings and rulings. *Brizzolara v. Fisher Pen Co.,* 158 B.R. 761, 768 (Bankr.N.D.Ill. 1993). Subsequently Fed. R. Bankr.P.

5011(b) was amended; the subsection as it previously existed was replaced by the following: "A motion for abstention pursuant to 28 U.S.C. § 1334(c) shall be governed by Rule 9014 [making it a contested matter] and shall be served on parties to the proceeding."

The 1990 Amendments also effected a significant change to 28 U.S.C. § 1452(b). Prior to the 1990 Amendments, this section, like the prior version of section 1334(c)(2), prohibited appeals. The 1990 Amendments, using language virtually identical to amend both sections, changed section 1452(b) as follows: "An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the *court of appeals ... or by the Supreme Court of the United States.*" Subsequently Fed. R. Bankr.P. 9027(e) which had required a bankruptcy court to submit recommendations was amended (and designated as Rule 9027(d)) to make motions for remand contested matters. Fed. R. Bankr.P. 9027(d). *See In re Roper,* 203 B.R. 326, 336 (Bankr. N.D.Ala.1996).

Following the 1990 Amendments many courts have held that a motion to abstain, whether mandatory or discretionary abstention, is itself a core matter. *In re Best Reception Systems, Inc.,* 220 B.R. 932, 941 (Bankr.E.D.Tenn.1998) ("The determination of whether to abstain is a core proceeding, pursuant to 28 U.S.C.A. § 157(b)(2)(A) (West 1993), in which this court may enter a final order."); *In re Finkley,* 203 B.R. 95, 97 (Bankr.N.D.Ill. 1996) ("[A] motion seeking abstention pursuant to 28 U.S.C. § 1334(c)(1) can arise only in the context of a bankruptcy case, and hence is a 'core proceeding' arising in

---

**11.** Although the language is clear and thus there is no need to resort to the legislative history, the Court is not precluded from reading the history. *Massachusetts Financial Services, Inc. v. Securities Investor Protection Corp.,* 545 F.2d 754, 757 (1st Cir.1976).

a case under Title 11. 28 U.S.C. § 157(b)(2)(A)"); *Branham v. Davis (In re Branham)*, 149 B.R. 406, 408 (Bankr. W.D.Va.1992) ("The authority to abstain is vested in this Court by virtue of 11 U.S.C. § 305, 28 U.S.C. § 1334, and Rule 5011. Although the statutes refer to abstention by the 'District Court,' most cases have held that the Bankruptcy Court, after the order of reference, has jurisdiction to abstain in appropriate cases. This Court therefore assumes that under the general order of reference issued by the District Court, it has jurisdiction to determine whether or not abstention is appropriate."). Motions to remand also are now core proceedings. *Roper*, 203 B.R. at 334 ("After analyzing relevant case law, Code sections, and Federal Rules of Bankruptcy Procedure, this Court is satisfied that a Motion to Remand, in and of itself, is 'core' within the meaning of 28 U.S.C. § 157; and also that it has the authority to enter an order on the matter pursuant to 28 U.S.C. §§ 157 and 1452.").

This Court agrees. In instances such as the case at bar where the underlying adversary proceeding is a non-core matter for which no independent grounds for the district court to exercise federal jurisdiction exists, removal is nevertheless still permissible because the case is "related to" a bankruptcy case. The district court has original, albeit non-exclusive jurisdiction pursuant to 28 U.S.C. § 1334(b), and thus removal is appropriate. 28 U.S.C. § 1452(b). But for the bankruptcy, however, no right to remove the action from state court would exist. Thus, a motion to abstain, at least in a non-core "related to" proceeding, falls within the quintessential definition of a core proceeding. It is a procedure that, by its very nature, can only exist in connection with a bankruptcy case. It is the type of core proceeding contemplated by the expansive language of 28 U.S.C. § 157(a)(2)(O).

*Final orders*

Courts are not in agreement as to whether an order denying a motion to abstain is a final order. *Compare Ascher*, 128 B.R. at 645 (bankruptcy judge's order with regard to mandatory or discretionary abstention is a final order) with *BancBoston Real Estate Capital Corporation v. JBI Associates Limited Partnership (In re Jackson Brook Institute, Inc.)*, 227 B.R. 569, 575 (D.Me.1998) (order denying abstention is not a final order). Given that the Motion to Abstain is a core matter in which this Court can and should enter final orders, it is not necessary for this Court to determine whether the November 25, 2003 Order denying the Motion to Abstain is final.

## CONCLUSION

For the foregoing reasons, the Court denies the Request for proposed Rulings.

A separate order shall issue.